UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ANTHONY NEAL, Plaintiff | CIVIL ACTION 3:18-CV-01380 |
| VERSUS | JUDGE DOUGHTY |
| OLD REPUBLIC INSURANCE CO., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Plaintiff Anthony Neal ("Neal") filed a Motion to File Second Amended Complaint and Motion to Remand (ECF No. 39). Because Neal has stated claims against the newly-identified Defendants and joinder is not improper, Neal's Motion to File Second Amended Complaint (ECF No. 39) should be GRANTED. And because granting the Motion to Amend and adding the new Defendants will destroy diversity, Neal's Motion to Remand (ECF No. 39) should also be GRANTED.

I. Background

A. Procedural Background

Plaintiff Anthony Neal ("Neal") filed this action against Old Republic Insurance Co. ("Old Republic"), Ryder Truck Rental, Inc. ("Ryder"), Cao T. Minh ("Minh"), Canal Insurance Co. ("Canal"), Wells Trucking, L.L.C. ("Wells"), and Ernie C. Lilliy[1] ("Lilliy") in a Louisiana state court, alleging damages in excess of $75,000

---

[1] Also known as "Ernie C. Lilly."

arising from a motor vehicle accident. ECF Nos. 1-1, 1-9. Old Republic and Ryder removed asserting diversity jurisdiction. ECF No. 1.

Old Republic, Ryder, and Minh answered the complaints. ECF Nos. 6, 7, 28, 29. Indemnity Insurance Co. of North America ("IIC") and Alyco, L.L.C. ("Alyco") ("Intervenors") filed a Motion to Intervene (ECF No. 24), which was granted (ECF No. 37). All Defendants answered Intervenors' complaint.[2] ECF Nos. 41, 42.

Neal filed a Motion for Leave to File Second Amended Complaint to add Bruce Moore ("Moore") and his employer, Moore Fire Extinguisher Service, Inc. ("Moore Fire") as Defendants. ECF Nos. 39, 45. Neal also filed a Motion to Remand, alleging the addition of Moore and MFES as Defendants will destroy diversity. ECF Nos. 39, 45. Defendants filed oppositions to Neal's Motion to Amend and Remand. ECF. Nos. 43, 44.

### B. Factual Background

#### 1. Accident Report

The accident report shows the accident involved: (1) (Vehicle 1) a Freightliner 18-wheel truck and trailer owned by Wells, driven by Lilliy, and insured by South & Western, that crossed the center line (ECF NO. 39-7 at 2-3); (2) (Vehicle 2) an Isuzu, owned by Ryder, driven by Minh, and insured by Old Republic, that ran off the road and hit a pedestrian (ECF No. 39-7 at 4-5); (3) (Vehicle 3) a Peterbilt 18-wheel truck and trailer owned by Paccar Financial Corp., driven by Jennifer Huskey, and insured by Cherokee Insurance Co. (ECF No. 39-7 at 6-7); and (4) a pedestrian on the shoulder

---

[2] Canal, Lilliy, and Wells had not answered or otherwise responded to Neal's complaints.

of the road (Anthony Neal) (ECF No. 39-7 at 8-11). A white van was not found on scene, and neither Neal's vehicle nor the 18-wheel truck he was attempting to repair are mentioned in the accident report.

Driver Jennifer Huskey (Peterbilt truck-vehicle 3) stated that she got into the inside lane when she saw brake lights in front of her. From the inside lane, she saw a white van in the right lane that had stopped or slowed due to running over the cones. ECF No. 39-7 at 11. Driver Minh (Ryder truck-vehicle 2) stated he braked because the (white) van in front of him braked suddenly, then Minh felt "an impact to his car" (in the rear). ECF No. 39-7 at 11. Driver Lillie (Freightliner truck-vehicle 1) stated he could not "get shut down in time" when the Ryder truck (in front of him) braked suddenly. ECF No. 39-7 at 11.

The accident report further states that Vehicle 1 (Lillie) and Vehicle 2 (Minh) were both eastbound on 1-20 in the outside lane. ECF NO. 39-7 at 11. Vehicle 3 (Huskey) was eastbound on I-20 in the inside lane. ECF NO. 39-7 at 11. Neal was standing on the outside eastbound shoulder of I-20. ECF NO. 39-7 at 11. Vehicle 1 (Lillie) went into the inside lane, striking Vehicle 3's (Huskey's) trailer with his left side. ECF NO. 39-7 at 11. Vehicle 2 (Minh) was struck in the rear by Vehicle 1 (Lillie), then went on to the outside shoulder and struck Neal. ECF NO. 39-7 at 11.

### 2. Discovery Proceedings

Neal's attorney shows, in a verified statement (ECF No. 39-4), that he did not initially know the identities of the owner and driver of the white van involved in the accident, and was precluded from discovering them until the Rule 26 conference on

March 22, 2019. ECF No. 39-4 at 4; No. 45 at 2. Five days after the Rule 26 conference, Defendants disclosed that the owner of the white van involved in the accident was Moore Fire (it was in a video sent to Plaintiff in Defendants' initial disclosures), but did not disclose the driver. ECF No. 39-4 at 4-5; No. 45 at 2. Neal's attorney discovered the identity of Moore Fire's driver, Moore, on May 16, 2019 from Moore Fire; the driver's identity was never disclosed by Defendants in response to Neal's discovery requests. ECF No. 39-4 at 5; No. 45 at 2. Neal filed his motion for leave to amend on May 22, 2019. ECF No. 45 at 2.

Neal's attorney's co-counsel, Moses J. Williams, also filed a verified statement showing he learned the identity of the owner of the white van referenced in the accident report when the attorney for Lilliy, Wells, and Canal sent his clients' initial disclosures to Plaintiff's attorneys. ECF No. 39-5. Defendants stated in their disclosures that they identified Moore Fire as the owner of the white van after analyzing the videotape from a passing 18-wheeler. ECF No. 39-5. That videotape was not produced to Plaintiff until his attorneys received Wells' disclosures less than two months before this motion was filed. ECF NO. 39-5. Defendants apparently did not disclose the identity of the white van's driver.

In his own verified statement (ECF No. 39-6), Neal shows that he is aware the accident report refers to a "white van" that may have been involved in the accident, but did not have any way to identify the owner or driver of the white van. Neal was not aware of the existence of any videotapes showing the white van before they were produced by Defendants in March 2019. ECF No. 39-6 at 1. Neal was not told the

4

identity of the driver of the white van until May 2019. ECF No. 39-6 at 2. Neal contends he had parked an authorized emergency vehicle on the road shoulder, with the emergency lights flashing, while he assisted a disabled vehicle. ECF No. 39-6 at 1.

A Rule 26 meeting was held on March 22, 2019 ECF No. 39-22. The deadline for initial disclosures was set at April 5. On March 27, 2019, initial disclosures from Defendants Wells, Lilliy, and Canal Insurance were sent to Neal on a USB flash drive that included accident photos and a dashcam download. ECF No. 39-17 at 1; No. 39-21. In the April 5, 2019 Rule 26 Case Management Report, Plaintiff stated he may amend his pleadings to add Moore Fire Extinguisher Service, Inc. and its driver and insurer. ECF No. 39-22 at 2. On April 11, 2019, Plaintiff requested the names of any witnesses to the accident (which would include Moore Fire's driver) in interrogatories. ECF No. 39-23 at 5. On April 30, Minh amended his petition to add Moore Fire and its unknown driver as Defendants. Plaintiff sent counsel for all Defendants a letter dated May 14, 2019, reminding them of unanswered discovery requests and setting a Rule 37 phone conference on May 22, 2019. ECF No. 39-26. On May 16, 2019, Plaintiff's attorney was provided the name of Moore Fire's driver (Bruce Moore) by Moore Fire's attorney. ECF Nos. 39-4 at 6; 39-27 at 1.

II. **Law and Analysis**

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when

justice requires permission to amend rests within the discretion of the trial court.[3] *Bisby v. Garza*, 2008 WL 465320, at *1 (S.D. Tex. 2008) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.,* 621 F.2d 117, 122 (5th Cir.1980)). However, joinder of additional defendants in an action requires permission from the court, and the defendants must be involved in the same transaction or occurrence, with common questions of law or fact, as the originally named defendants. Fed. R. Civ. P. Rule 20.

In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by allowing the amendment. *Bisby*, 2008 WL 465320, at *1 (citing *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022, 1024 (5th Cir. 1981)). It is within the district court's discretion to deny a motion to amend if it is futile. *See Stripling v. Jordan Production Co., L.L.C.,* 234 F.3d 863, 872-73 (5th Cir. 2000). A proposed amended complaint is "futile" if it fails to state a claim upon which relief can be granted. *See id.* at 873. Therefore, the issue is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the proposed amended complaint states any valid claim for relief. *See id.* at 873.

---

[3] A party may amend the party's pleading once as a matter of course at any time before a Generally, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served....". *Aguilar v. Texas Dep't of Criminal Justice*, 160 F. 3d 1052, 1053 (5th Cir. 1998)(citing Fed. R. Civ. P. 15(a)). Neal had already amended his complaint once. ECF No. 1-9.

6

### A. Proposed Amendment and Additional Defendants

Neal moves to amend to add Moore and Moore Fire as Defendants because Moore was driving the Moore Fire van that contributed to the accident. ECF No. 39-24.

The original Complaint alleges that Neal, an employee of Love's Truck Stop, was on a service call to repair a flat tire on a truck parked completely on the right shoulder of I-20. ECF No. 1-8 at 9 In his Second Amended Complaint, Neal contends he had an authorized emergency vehicle parked on the road shoulder with the emergency flashers on, and he had placed warning cones on the shoulder area. ECF 39-1 at 3.

In his original and Second Amended Complaints, Neal contends Lilliy's vehicle struck the rear of Minh's vehicle. ECF No. 1-8 at 9; No. 39-1 at 3. Minh's vehicle then struck Neal as he was walking on the outside shoulder of the road while repairing a flat tire. ECF No. 1-8 at 9; No. 39-1 at 3.

In his Second Amended Complaint, Neal alleges that, when Moore drove past Neal's parked vehicle, he negligently failed to observe Neal, failed to observe the emergency vehicle making use of visual signals, and failed to yield the way by making a lane change as required by La. R.S. 32:125. Neal contends that Moore impeded the flow of traffic on the interstate highway adjacent to where Neal was parked, and precipitated a series of vehicular collisions that resulted in Minh's vehicle striking Neal. ECF No. 39-1 at 3.

Moore left the scene of the accident prior to the arrival of law enforcement and medical personnel, and failed to report his involvement in the accident. ECF No. 39-1 at 3. Moore further alleges the acts of Moore's negligence for which Moore Fire is vicariously liable under La. C.C. art. 2320, such as failing to maintain a proper lookout; failing to observe Neal on the shoulder; failing to observe Neal's emergency vehicle; failing to change lanes; failing to maintain proper control of his vehicle; failing to observe the proper speed and care according to the circumstances; impeding traffic; operating his vehicle in a careless and reckless manner; violating La. R.S. 32:125; and failing to act as a reasonable person under the same or similar circumstances. ECF No. 39-1 at 4. Neal also contends that Moore Fire is the owner of the van driven by Moore. ECF No.39-1 at 3. Neal contends Moore and Moore Fire are solidarily liable with the other Defendants for Neal's damages. ECF No. 39-1 at 4.

B.    <u>Neal's Motion to File Second Amended Complaint should be granted.</u>

Neal seeks to amend his complaint through permissive joinder of Moore and Moore Fire under Fed. R. Civ. P. 20. Under Rule 20, a defendant may be joined to an action if: (1) any right to relief is asserted against the defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

Clearly, Neal's cause of action against Moore and Moore Fire arises from the same occurrence as his causes of action against the Defendants. Moreover, an issue

8

of comparative fault between Defendants, Moore, and Moore Fire would arise if Moore and Moore Fire were found liable. However, their joinder would extinguish this Court's subject matter jurisdiction over Neal's action.

To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. See *Gasch v. Hartford Accident & Indemnity Co.*, 491 F. 3d 278, 281 (5th Cir. 2007).

The defendants rely on the second prong in this case. The threshold question is whether there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. The burden of proof is on the removing party. See *Gasch*, 491 F.3d at 281. In deciding whether a party was improperly joined, a court must resolve all contested factual issues and ambiguities of state law in favor of the Plaintiff. See *Gasch*, 491 F.3d at 281.

The Court can predict whether a plaintiff has a reasonable basis of recovery under state law by: (1) conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant; or (2) piercing the pleadings and conducting a summary inquiry. See *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. den., 544 U.S. 992 (2005). Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. See *Smallwood*, 385 F.3d 568, 573.

Defendants argue two bases for not permitting Neal to file his Second Amended Complaint: (1) Neal's vehicle was not an "authorized emergency vehicle"; and (2) Neal failed to state a claim against Moore.

### 1. Neal states claims in negligence against Moore and Moore Fire.

Defendants argue that Neal fails to state a claim against Moore, and cannot obtain relief under La. R.S. 32:125. Defendants contend Moore fails to allege that the flashing lights on his truck were visible to approaching motorists, as required to trigger the applicability of La. R.S. 32:125. Section 125 is a penal statute that may be referred to in determining the reasonableness of Moore's behavior as a driver. But it does not, on its own, determine negligence and liability.

Neal contends he used "flashing emergency lights" as "visual signals" in his proposed second amended complaint (ECF No. 39-1). Moore's proposed amendment states:

> On June 29, 2017, Neal parked an authorized emergency vehicle, making use of visual signals (flashing emergency lights), on the right shoulder of Interstate 20 eastbound ("I-20 east"), near mile 128, in Richland parish, Louisiana, in order to service a disabled vehicle.
>
> Defendant Moore was driving a white van owned by Moore Fire ("the Moore van") in the right outside lane of I-20 east, approaching mile post 128, and Neal's parked authorized emergency vehicle. Moore negligently failed to observe Neal, who was on the shoulder of I-20 east, failed to observe the emergency vehicle making use of visual signals, and failed to yield the way by making a lane change into a lane not adjacent to Neal's parked emergency vehicle in violation of La. R.S. 32:125.
>
> Moore's negligent acts and omissions unduly impeded the flow of traffic on the Interstate Highway and thereby precipitated a series of vehicular collisions that eventually resulted in the Cao vehicle striking and causing catastrophic injuries to Neal.

10

> Moore willfully and intentionally left the scene of the accident prior to the arrival of law enforcement and medical personnel and failed to report that he had been involved in an accident on the interstate highway.
>
> At the time of the Accident, Moore was on a mission for Moore Fire and was acting in the course and scope of his employment with Moore Fire. Furthermore, at the time of the Accident, Moore driving the Moore van with the permission of the owner, Moore Fire.
>
> The Accident, and Neal's injuries and damages, were caused by the fault or negligence of Moore, for which Moore Fire is vicariously liable, under La. Civ. Code art. 2320, including . . . .

Neal's allegation that his emergency vehicle used visual signals (cones and flashing lights) is accepted as true for purposes of this motion. Defendant's claim that those signals may not have been visible is a question of fact to be investigated through appropriate discovery.[4]

Neal alleges that Moore was negligent in his driving. Under Louisiana law, whether a duty is owed is a question of law; whether a defendant has breached a duty owed is a question of fact. *See Stelly v. National Union Fire Ins. Co.*, 2018-293 (La. App. 3 Cir. 2/6/19), 266 So.3d 395, 402 (citing *Rando v. Anco Insulations, Inc.*, 08-1163, 08-1169 (La. 5/22/09), 16 So.3d 1065).[5] A defendant's conduct need not be the sole cause of the harm, but it must be a necessary antecedent. If plaintiff can show

---

[4] It is the sufficiency of the warning that is the instrumental determination necessary to trigger privilege allowing emergency drivers to park or stand their authorized emergency vehicles, pursuant to emergency vehicle statute, regardless of any other provisions of Louisiana's Highway Regulatory Act. *Thigpen v. Lacombe*, App. 2016-1611, 2016-1612 (La. App. 1 Cir. 8/2/17), 226 So.3d 1138, 1146.

[5] As between Moore and the drivers behind him, Minh and Lillie, there is an issue of comparative fault. State law (La. R.S. 32:81) and the sudden emergency doctrine may apply. *Compare Stelly,* 266 So. 3d at 402-403; *Daigle v. Scioneaux*, 2015-0366 (La. App. 1 Cir. 2/17/16), 2016 WL 687157, at *4.

11

that more probably than not he would not have suffered damage absent defendant's wrongful conduct, he has carried his burden of proving cause in fact. *See Stelly,* 266 So.3d at 403 (citing *Morris v. Orleans Parish School Board*, 553 So.2d 427, 429 (La. 1989)). Where multiple causes are present, "a defendant's conduct is a cause-in-fact if it is a substantial factor generating plaintiff's harm." *See Stelly,* 266 So.3d at 403 (citing *Rando*, 16 So.3d at 1065).

Neal alleges the accident occurred after Moore suddenly stopped or significantly slowed his vehicle in the highway after he ran over Neal's cones, causing the chain of events that resulted in a multi-vehicle accident behind Moore and Neal's injuries. La. R.S. 32:64, General Speed Law, provides in part: "B. Except when a special hazard exists that requires lower speed for compliance with paragraph A of this section, no person shall operate or drive a motor vehicle upon the highways of this state at such a slow speed as to impede the normal and reasonable movement of traffic." La. R.S. 32:58, Careless operation, provides in part: "A. Any person operating a motor vehicle on the public roads of this state shall drive in a careful and prudent manner, so as not to endanger the life, limb, or property of any person. Failure to drive in such a manner shall constitute careless operation." Neal's allegation indicates that Moore's stopping or significantly slowing his vehicle on the highway was a cause-in-fact of the accident that caused Neal's injuries and states a claim against Moore for negligence.

As to Moore Fire, Moore was driving his employer's van at the time of the accident. If Moore was driving within the course and scope of his employment, as

12

alleged by Neal, Moore Fire may be liable for the damage caused by Moore pursuant to La. C.C. art. 2320. Neal also alleges that Moore Fire was the owner of the van and, therefore, was responsible for insuring it. Therefore, Neal has alleged a claim against Moore Fire as the owner of the van and Moore's employer.

Viewing the contested factual issues in the light most favorable to Neal, there is a reasonable basis for the district court to predict that Moore may have been a cause of the accident and that Plaintiff might be able to recover against Moore and Moore Fire.[6]

---

[6] Resolution of the issue of whether an emergency roadside assistance vehicle is an "authorized emergency vehicle" is not necessary to decide Plaintiff's motion because Plaintiff contends Moore's negligence was a cause-in-fact of the accident and his injuries. The Court therefore does not decide the issue. However, since this is Defendants' primary argument, it is given some consideration.

La. R.S. 32:24 (Emergency vehicles; exceptions) states, in pertinent part, that "[t]he driver or rider of an authorized emergency vehicle, when responding to an emergency call, . . . may exercise the privileges set forth in this Section," including the the privilege to "park or stand . . . "when . . . making use of audible or visual signals . . . sufficient to warn motorists of their approach . . . ." La. R.S. 32:125 states, in pertinent part, that "[w]hen any vehicle making use of any visual signals . . . is parked on or near the highway, the driver of every other vehicle shall: (1) When driving on an interstate highway or other highway with two or more lanes traveling in the same direction, yield the right-of-way by making a lane change into a lane not adjacent to the parked vehicle, if possible with due regard to safety and traffic conditions," or if not possible, "slow to a reasonably safe speed," or; (2) "Maintain a safe speed for road conditions, if unable or unsafe to change lanes, or driving on a two-lane road or highway."

For purposes of the Louisiana Highway Regulatory Act, an "authorized emergency vehicle" is defined in La. R.S. 32:1 to include "a *privately owned vehicle* belonging to members of an organized volunteer fire department or fire district, . . . an *industrial-owned vehicle* assigned to members of a fire department or fire district when so designated or authorized by the fire chief of that fire department or fire district, a *vehicle parked or stopped by elevator repair or construction personnel* . . . , ambulances and emergency medical response, and emergency vehicles of municipal departments or public service corporations . . . ."

Louisiana courts have held that an emergency wrecker with emergency lights flashing is an authorized emergency vehicle. *See Metoyer v. Benjamin*, App. 3 Cir.2001, 2000-1728 (La. App. 3 Cir. 5/2/01), 784 So.2d 823, 829 ; *Mott v. Babin Motors, Inc.*, 451 So.2d 632, 636 (La.

13

### 2. Joinder of Moore and Moore Fire is not improper.

Defendants also contend Neal's proposed amended complaint was filed solely to divest this Court of jurisdiction and that his motion is untimely.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the

---

App. 3d Cir. 1984) (both the Sheriff's Department vehicle and the wrecker service truck were exempt from the provisions of La. R.S. 32:141(A) while in the performance of emergency functions; both vehicles utilized the appropriate audible and visual signals which were sufficient to warn motorists of the emergency situation.); *Prather v. Gautreaux*, 297 So.2d 439, 442-43 (La. App. 3d Cir. 1974) (wrecker at scene of accident with its emergency lights on was an authorized emergency vehicle); *Chastain v. Allstate Insurance Co.*, 212 So.2d 243, 244 (La. App. 2d Cir. 1968) (where injured plaintiff had stopped to offer roadside assistance, the holding was "a rescuer is looked on with favor in the eyes of the law, and is not chargeable with negligence merely because he failed to make the wisest choice to accomplish the purpose").

For purposes of § 125, there does not appear to be any significant distinction between a vehicle that provides emergency roadside assistance (as many wreckers do) and a wrecker. A wrecker removes stalled vehicles from the roadway by hauling them away. An emergency roadside assistance vehicle "removes" stalled vehicles from the roadway by repairing the vehicle on the roadside so that it may be driven away (instead of towed).

Defendants argue that § 125 is only intended to apply to municipal and state emergency vehicles. But the statute belies this argument, since it specifically includes private vehicles. Nor does the statute state that emergency vehicles must be government-owned. Such a requirement would necessarily exclude ambulances, which are often privately owned and operated, and are inarguably emergency vehicles.

Neal's vehicle, from the Love's Travel Stop, was likely an emergency roadside assistance vehicle responding to an emergency call for roadside assistance. Neal stated that he had his flashers on and cones were set out. Therefore, Neal's truck appears to have been an "authorized emergency vehicle" within the meaning and protection of La. R.S. 32:125. If it was, Moore was required to either move to the right lane or slow to a reasonably safe speed as he passed it, all pursuant to La. R.S. 32:125. *Compare Wilson v. Ace American Insurance Co.*, 2017 WL 3159033, \* (W.D. La. 2017), report and recommendation adopted, 2017 WL 3159007 (W.D. La. 2017).

In any event, § 125 is a penal statute. Reference may be had to a penal statute in determining the reasonableness of a person's behavior under existing circumstances. *See Comeaux v. Sims*, 328 So.2d 816, 818–19 (La. Ct. App.1976) (citing *Weber v. Phoenix Assurance Co . of New York*, 273 So.2d 30 (La.1973). Therefore, whether or not Moore failed to properly comply with § 125 goes to the issue of negligence.

14

court may deny joinder, or permit joinder and remand the action to the State court." In determining whether to allow joinder of a party under § 1447(e), a district court examines the factors set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). These factors include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *See id.*

Neal is a citizen of Louisiana. Moore and Moore Fire are also citizens of Louisiana. The addition of Moore and Moore Fire as Defendants will destroy diversity. However, after considering the facts underlying Neal's discovery of the identities of the owner and driver of the white van mentioned in the accident report, it is clear that Neal's purpose in adding Moore and Moore Fire as defendants is not to defeat federal jurisdiction. Neal credibly alleges that negligence by Moore may have been a cause of the accident that caused Neal's injuries.

Moreover, Neal was not dilatory in filing this Motion to Amend. Removal of this case to federal court, and Defendants' delay in responding to Neal's discovery requests, were reasons why this Motion to Amend has been filed relatively late in the case.

As to whether Neal will be significantly injured if amendment is not allowed, any judgment Neal may obtain against Defendants could be reduced in proportion to the percentage of any fault allocated to Moore and Moore Fire, under the principles of comparative fault. *See Farbe v. Casualty Reciprocal Exchange*, 2000-0076 (La.

7/6/00), 765 So. 2d 994, 996-997; *see also* La. C.C. Art. 2324 (Liability as solidary or joint and divisible obligation); *Solstice Oil & Gas I, L.L.C. v. OBES, Inc.*, 2014 WL 5500476, at *7 (E.D. La. 2014); *SJB Group, L.L.C. v. TBE Group, Inc.,* 2013 WL 6194571, at *14 (M.D. La. 2013). Therefore, Neal may suffer further injury if not permitted to add Moore and Moore Fire as Defendants.

For the other factors bearing on the equities, as noted above, Neal has stated a claim against Moore and Moore Fire for negligence. There is no evidence of bad faith on the part of Neal and his attorneys. Defendants have not demonstrated any prejudice to themselves if the amendment is allowed.

Because Defendants have failed to carry their burden of proving that Moore and Moore Fire are improperly joined, Neal's Second Motion to Amend Complaint (ECF No. 39) should be granted. *Compare Davis v. Kemp*, 2009 WL 938978 (W.D. La. 2009), aff'd, 2009 WL 1307890 (W.D. La. 2009).

### C.   Neal's Motion to Remand should be granted.

Because addition of the new Defendants will destroy diversity, Neal also filed a Motion to Remand. ECF No. 39.

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal court. See Coury, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal

16

court has the burden of proving that jurisdiction exists. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

The general-diversity statute permits federal district court jurisdiction over suits for more than $75,000 between citizens of different States. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Stangel v. A-1 Freeman North. American, Inc.*, 64 Fed. Appx. 416, *1 (5th Cir. 2003). Remand is proper if at any time the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

In *Cobb v. Delta Exports, Inc.*, the Fifth Circuit held that post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 "destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). Regardless of whether a non-diverse party is joined after removal under Fed. R. Civ. P. 19 or substituted for a John Doe under Rule 15, once the party is properly present in the action, diversity is destroyed and subject matter jurisdiction is extinguished. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001) ("Section 1447(e)…direct[s] remand if the district court permits joinder of a defendant whose citizenship destroys subject matter jurisdiction.").

Neal, Moore, and Moore Fire are all citizens of Louisiana. Neal's amendment adding Moore and Moore Fire as Defendants destroys diversity and extinguishes this Court's jurisdiction. Therefore, Neal's Motion to Remand (ECF No. 39) should be GRANTED.

III. <u>Conclusion</u>

Because Neal has stated a negligence claim against Moore and Moore Fire, IT IS RECOMMENDED that Neal's Second Motion to Amend Complaint (ECF No. 39) be GRANTED.

Because addition of the new Defendants destroys diversity and extinguishes this Court's jurisdiction, IT IS RECOMMENDED that Neal's Motion to Remand (ECF No. 39) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __21st__ day of February 2020.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

18